# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAPITAL YACHT CLUB,                                    :
                                                       :
                         Plaintiff,                    :       Civil Action No.:      04-0357 (RMU)
                                                       :
                         v.                            :       Re Document No.:       77
                                                       :
VESSEL AVIVA, Her Engines, Masts,                      :
Anchors, Cables, Chains, Rigging, Tackle,              :
Apparel, Furniture, Dinghy, and All the                :
Necessaries Therewith Appertaining, *et al.*,          :
                                                       :
                         Defendants.                   :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS; DENYING WITHOUT PREJUDICE THE DEFENDANTS' REQUEST FOR RETURN OF THE BOND

## I. INTRODUCTION

This matter is before the court on the defendants' motion to dismiss for failure to prosecute. The plaintiff has taken no action in this case – other than opposing the instant motion – since 2006 and consents to dismissal, though on the grounds that the court lacks subject matter jurisdiction. The court concludes both that the plaintiff has failed to establish that the court has subject matter jurisdiction over this case and that the plaintiff has failed to prosecute this case. Therefore, the court grants the defendants' motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

Invoking the court's admiralty jurisdiction, the plaintiff brought suit in March 2004 against the defendants, a maritime vessel called the "Aviva" and its owners, for failure to pay dockage fees and related expenses to which the plaintiff claimed it was entitled. *See generally*

Compl.  On January 19, 2006, the court issued a memorandum opinion and order dismissing the case based on lack of subject matter jurisdiction.  *See* Mem. Op. (Jan. 19, 2006).  Following the plaintiff's motion for relief upon reconsideration, however, the court issued a memorandum opinion and order on September 27, 2006, altering its dismissal of the claims.  *See* Mem. Op. (Sept. 27, 2006).  The court observed that its prior ruling, in which it held that it lacked subject matter jurisdiction, had been "predicated on the legal requirement that either the plaintiff or the court have actual or constructive control over the [vessel]."  *Id.* at 6.  Therefore, the court deemed it necessary to assess whether the plaintiff's agreement to release the vessel without substitution of security constituted legal abandonment.  *Id.* at 7.  Absent a determination that the plaintiff's agreement constituted legal abandonment, the court was unable to conclude that it lacked subject matter jurisdiction over the claims.  *Id.*

Following the issuance of the court's September 27, 2006 memorandum opinion and order, the parties took no action until nearly two years later, when the defendants filed the instant motion to dismiss for lack of prosecution.  *See generally* Defs.' Mot.  The plaintiff filed an opposition on October 7, 2008.  *See generally* Pl.'s Opp'n.

### III.  ANALYSIS

### 1.  Legal Standard for Dismissal for Failure to Prosecute

A court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules or fails to follow court orders.  FED. R. CIV. P. 41(b); LCvR 83.23.  While dismissal with prejudice may be an unduly severe sanction for a single instance of attorney misconduct, it may be appropriate "after unfruitful resort to lesser

2

sanctions." *Gardner v. United States*, 211 F.3d 1305, 1308-09 (D.C. Cir. 2000); *see also Barber v. Am. Sec. Bank*, 841 F.2d 1159, 1162 (D.C. Cir. 1988) (dismissing an appeal due to counsel's "inexcusable disregard for the rules of [the] court" and inadequate explanation for late filings). In the context of Federal Rule of Civil Procedure 41(b), the D.C. Circuit has enumerated three justifications for dismissal with prejudice because of attorney misconduct: (1) severe prejudice to another party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has already placed on the judicial system; and (3) the need to sanction conduct that demonstrates a blatant disregard for the court's orders in order to deter future misconduct. *Gardner*, 211 F.3d at 1309; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074-79 (D.C. Cir. 1986).

The third rationale, deterrence, justifies dismissals when there is some indication that the attorney has deliberately failed to comply with a court order, and the client is aware of the attorney's misconduct. *Shea*, 795 F.2d at 1077-78. Concerned that a client might be unaware of the atttorney's misconduct, this circuit requires a district court to notify the client before dismissing a case pursuant to the deterrence rationale. *Id.* One alternative sanction is "dismissal of the suit unless new counsel is secured." *Id.* at 1079 n.6.

### 2.  The Court Dismisses the Complaint for Failure to Prosecute

In support of their motion to dismiss, the defendants argue that "[t]he actions of the Plaintiff in this matter in causing a delay of two years is [sic] an indefensible waste of judicial resources and is [sic] tantamount to malfeasance." Defs.' Mot. at 2. Further, the defendants claim that the plaintiff's delay in prosecuting this case has caused them severe prejudice, both because the court has retained the $26,812.50 bond posted by defendant Larry Kilstrup, *see id.* at

4-5, and because the defendants would now face an increased burden in defending against the plaintiff's allegations, *see id.* at 5-6.

The plaintiff responds by explaining that "since the Court's order of September 27, 2006, [it] has had to examine its options as the Court's order appeared to place its counsel in the untenable position of being a witness in the litigation." Pl.'s Opp'n at 2.[1]  Given this posture, the plaintiff states that it "declines the Court's invitation to litigate its counsel's intent" and opines that "the dismissal of [this case] for lack of jurisdiction should stand." *Id.* at 4.

Because the plaintiff consents to dismissal of this case and declines to litigate the issue necessary for a determination that the court has subject matter jurisdiction, *see id.*, the court grants the defendants' motion to dismiss based on both lack of subject matter jurisdiction and failure to prosecute, *see, e.g.*, *Owens v. Gov't of D.C. Dep't of Hous. & Cmty. Dev.*, 1988 WL 113813, at *1-*2 (D.D.C. Oct. 20, 1988) (dismissing the *pro se* plaintiffs' claims for lack of subject matter jurisdiction and for failure to prosecute).

**3.  The Court Denies Without Prejudice the Defendants' Request for Return of the Bond**

The defendants also argue that the bond of $26,812.50, which was posted by defendant Larry Kilstrup, should be returned to Kilstrup as a sanction for the plaintiff's failure to prosecute. Defs.' Mot. at 4-5.  The plaintiff responds, without factual or legal support, that it is entitled to the bond because, as the actual custodian of the vessel, it has incurred the expense of the *custodia legis* fees.  *See* Pl.'s Opp'n at 3-4.  Because the defendants assert that Kilstrup is entitled to return of the bond only as an alternative sanction to dismissal, the court denies without prejudice

---

[1]     New plaintiff's counsel entered his appearance on October 6, 2008, and filed the plaintiff's opposition to the defendant's motion to dismiss.

their request.[2]


## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss and denies without prejudice the defendants' request that the court release the bond to defendant Larry Kilstrup.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 25th day of August, 2009.



                              RICARDO M. URBINA
                              United States District Judge

---

[2]    If, following the issuance of this Memorandum Opinion and Order, the defendants seek to renew their claim that defendant Larry Kilstrup is entitled to the bond, the court will entertain such a request only if it is accompanied by citations to relevant legal authority.  The court notes with disapproval that this is not the first time it has taken issue with counsel's haphazard approach to legal advocacy.  *See* Mem. Op. (Sept. 27, 2006) at 4 n.5.  Any response that the plaintiff files in opposition to such a request must also include the factual and legal support for the plaintiff's position.